Barnard *v*. Whipple et al.

---

HENRY BARNARD *v*. JAMES WHIPPLE AND SAMUEL ALDRICH.

*Pew in a meetinghouse.*

The right of a person to a pew in a meetinghouse can be legally transferred only in the manner provided for the transfer of real estate. The levy of an execution

upon it as real estate will transfer a title which at law will prevail over a prior assignment of a certificate of the ownership of it, and a record thereof by the clerk of the society who built and occupied the house, in compliance with the by-laws of said society, which provided for a transfer of the pews in that way.

EJECTMENT for pew No. 32 in the congregational meeting-house in Springfield; plea, the general issue, trial by jury, December Term, 1856,— UNDERWOOD, J., presiding.

The plaintiff introduced the records of the congregational society of Springfield, which was formed under the statute, in 1817, from which it appeared that the meetinghouse, in which this pew was, was dedicated January 9th, 1833, and that the pews were sold and distributed in January, 1833, and that this pew was sold to one Luke Williams. The plaintiff also introduced an execution in his favor against the said Williams, which it appeared had been duly levied on said pew as real estate belonging to the said Williams; and it was conceded that the defendants were in the possession and occupancy of the pew when this suit was brought, said Aldrich being in under the defendant Whipple.

The defendants introduced in evidence a by-law of said society, by which it was

"*Voted*, that the clerk give to each purchaser of pews in said meetinghouse a certificate of ownership in the following form, viz:

'STATE OF VERMONT, ⎱ This certifies that ——— ———
    WINDSOR COUNTY, ss. ⎰ has purchased and is the owner of ——— pew No. ———, in the congregational meetinghouse in Springfield village.

———— ————, *Clerk*,'

which certificate shall be recorded by the clerk, and when any owner of a pew shall transfer the same, the purchaser shall return the transfer to the clerk and take a new certificate, which shall in like manner be recorded, and for each certificate and recording the same, the clerk shall receive the sum of twenty cents;" together with a certificate issued to the said Williams in the above form, which it appeared had been duly assigned by him to the defendant Whipple, and by said Whipple left with the clerk of said society for record and for the issuing of a new certificate some time previous to the plaintiff's levy.

The plaintiff requested the court to charge the jury that upon the foregoing evidence he was entitled to recover, but the court refused so to charge, but directed a verdict for the defendants, to which the plaintiff excepted.

*J. Ward,* for the plaintiff.

*S. W. Porter* and *J. F. Deane,* for the defendants.

The opinion of the court was delivered by

Isham, J. As the plaintiff and defendants claim title under Luke Williams, they are not permitted to deny his title to the pew mentioned in the declaration. As between these parties the title of Luke Williams need not be shown; and the party will prevail in this action who has the better right from him; *Brooks* v. *Chaplin,* 3 Vt. 281. The doctrine seems now well settled that the right to a pew in a meetinghouse is to be regarded as real estate. At common law such a right is an incorporeal hereditament. The freehold of the church is in the parson for the time being. In this country the title generally depends on statutes enacted to regulate this kind of property. In some instances the right is declared to be an interest in real estate, and in others an interest in personal property. In 1 Greenleaf's Cruise on Real Property, 44, it is observed that, "It follows, in the absence of any statute provisions, that this kind of property is to be considered as real estate in all cases arising under the statutes of frauds, *or of conveyances, or of descents and distributions.* The right is held subject to that of the proprietors to repair and alter the edifice for the purpose of more convenient worship." The same doctrine is sustained in 3 Kent's Com. 489; *Bates* v. *Sparrell,* 10 Mass. 323; *Baptist Church of Ithica* v. *Bigelow,* 16 Wend. 28. In the case of *Kellogg* v. *Dickerson,* 18 Vt. 266, it was observed that "the right to a pew was unquestioned in this state, and that the property therein is considered as partaking of the character of real estate." The same doctrine was held in *Hodges* v. *Green,* 28 Vt. 358. In all these cases it was held that while the house remains, the pew holder may maintain ejectment, case or trespass, according to the circumstances, if he be disturbed in his right.

The assignment of the certificate by Williams to Whipple of his right to the pew transferred no legal title. That right could be transferred only in the manner provided for the transfer of real estate. It possibly might be regarded as a contract of purchase, which a court of equity would decree to be specifically performed by the execution of a valid conveyance, not only as against Williams, but his attaching creditors having notice of that contract. The fact that the defendant was in actual possession of the premises, is a circumstance which has been frequently held to be sufficient notice to third persons of the contract and claim under which the possession is held. But the claim is merely equitable, and which courts of equity alone can protect. The plaintiff, by the levy of his execution, has acquired the legal title, and at law the legal title must prevail over the equitable interest.

The judgment of the county court is affirmed.