WILLIAM K. ROGERS *vs.* HASTINGS & DAKOTA RAILWAY COMPANY.

May 25, 1875.

Corporation—Compensation of Officer—Quantum Meruit.—Plaintiff brings this action to recover compensation for services which he claims to have rendered to defendant (1) as its secretary,(2) as its land commissioner, (3) as its attorney and legal adviser. Defendant's charter provides that the board of directors

shall "appoint a secretary and other officers, and shall fix their compensation for the services to be rendered." Plaintiff was appointed secretary by resolution of defendant's directors, but his compensation was not fixed. *Held,* that plaintiff is entitled to recover the reasonable value of the services rendered by him as secretary as upon a *quantum meruit.*

**Same—Officer acting without Formal Appointment—Director acting as Attorney.—** For a period of four years plaintiff, without any formal appointment by resolution, but with the knowledge and assent, and at the request, of the president and directors of defendant, acted as its land commissioner, and also as its attorney and legal adviser, and in both those capacities rendered services to defendant. *Held,* 1. That defendant is liable upon an implied assumpsit to pay the reasonable value of the services thus rendered by plaintiff. 2. That the fact that, at the time when he acted in the capacities above mentioned, plaintiff was a member of defendant's board of directors does not preclude him from recovery for his services in such capacities, the same being outside of and beyond his duties as director.

Appeal by defendant from a judgment of the court of common pleas of Ramsey county, entered on the report of a referee.

*Seagrave Smith,* for appellant.

*John M. Gilman,* for respondent.

BERRY, J.[1] The plaintiff brings this action to recover compensation for services which he claims to have rendered for the defendant (1) as its secretary, from August 1, 1866, to June 1, 1867; (2) as its land commissioner, by appointment, for four years from August 2, 1866; (3) as its attorney and legal adviser, acting at the request of the president and other officers of defendant, for four years from August. 1866.

1. As to the first claim, the referee by whom the case was tried below finds that on August 1, 1866, the plaintiff was appointed secretary by resolution of defendant's board of directors, and that he acted as such from the time of his appointment until April 1, 1867.

Defendant's charter, in Sp. Laws 1866, ch. 12, § 4, provides that the board of directors "shall appoint a treasurer, secretary, and such engineers and other officers as they may think necessary, and shall fix their compensation for the

---

[1] Gilfillan, C. J., did not sit in this case, having sat as referee therein.

services to be rendered." Defendant contends that plaintiff cannot recover for his services as secretary, because no compensation therefor was *fixed* by the board of directors. But, in our opinion, the charter provision quoted has no such exclusive effect. It prescribes a *duty* for the directors, but does not make the secretary's right to compensation dependent upon its discharge. Having performed his duty as secretary, he is not to be deprived of his pay by the failure of the board to perform its duty by fixing the same. As in other cases, in the absence of an agreed price he is entitled to recover the reasonable value of his services as upon a *quantum meruit. Missouri River R. Co.* v. *Richards,* 8 Kans. 101.

2. The complaint alleges that, by resolution of the board of directors, plaintiff *was duly appointed* the land commissioner of defendant, that he accepted the appointment, and performed its duties for four years. The claim for compensation is based upon the appointment. The referee finds that for a period of four years the plaintiff, without any formal appointment by resolution, but with the knowledge and assent, and at the request, of the president and directors of defendant, acted as its land commissioner, and as such rendered services to defendant. No objection appears to have been made to the testimony upon which the finding of the referee rests on the ground of irrelevancy, so that the variance between the finding and the allegations of the complaint, as it appears to have been disregarded by the parties upon the trial, is quite immaterial. Gen. St. ch. 66, §§ 100, 101.

To entitle the plaintiff to recover for his services as land commissioner, it was not necessary that he should have received a formal appointment from the board, nor that his employment should have been formally authorized or ratified. If the services were performed under employment by an officer of the company, with the knowledge of the directors, and the company received the benefit of them without objection, the company is liable upon an implied contract

to pay the reasonable worth of the same. *Hooker* v. *Eagle Bank*, 30 N. Y. 83; *Chicago & N. W. R. Co.* v. *James*, 22 Wis. 194.

The evidence showed that the plaintiff, while acting as land commissioner, was a member of the board of directors. If his services as land commissioner had been performed by him simply *as a director*, it might be that he could not recover for the same, since, in the absence of a special agreement for compensation, he would, according to many authorities, be presumed to have acted gratuitously. But the duties and labors of a land commissioner of a land grant railroad company do not necessarily nor presumptively pertain to a director as such. Indeed, it would be unreasonable to suppose that duties so onerous would be undertaken by one acting simply as a director without pay. For such extraordinary services, outside of and beyond his duties as director, a party may certainly recover, notwithstanding his directorship, for the reason that even if he performs the duties of director gratuitously, these services are not a part of those duties. *N. Y. & N. H. R. Co.* v. *Ketchum*, 27 Conn. 170; *Henry* v. *Rutland & Burlington R. Co.*, 27 Vt. 435; *Chandler* v. *Monmouth Bank*, 1 Green (N. J.), 255.

3. The referee finds that for four years plaintiff, who was an attorney and counsellor at law, without any formal appointment by resolution of the board of directors, but with the knowledge and assent, and at the request, of the president and board of directors of the defendant, acted as its attorney and legal adviser, and as such rendered services during such period to defendant. What has been said in reference to plaintiff's right to recover as land commissioner is applicable here, as showing plaintiff's right to recover for his services as defendant's attorney and legal adviser, even if the finding that he acted at the formal request of the directors, *acting as a board*, or otherwise, be unsustained by the evidence.

4. From what we have said as to the state of facts which

would authorize a recovery by plaintiff, it follows that it was not necessary for him to prove his employment by the records of the company, as defendant contends.

5. The conflicting character of the evidence in relation to the matters upon which the defendant seeks to found an estoppel, precluding plaintiff's recovery, renders it unnecessary for us to enquire whether, if the facts were as claimed by defendant, they would constitute the estoppel for which it contends.

6. The evidence in the case was not in all respects explicit in details, but it cannot be said that the referee's findings of fact are by any means unsupported. From the nature and extent of the services rendered by plaintiff, and the circumstances under which they were rendered, we think the referee was at liberty to infer that, in the understanding of both parties, the services were to be paid for. We see no good reason for disturbing the referee's findings as to the plaintiff's right of recovery, or the amount thereof.

Judgment affirmed.