Stanley *et al. v.* Holliday.

Filed March 3, 1888.

No. 13,016.

## STANLEY ET AL. *v.* HOLLIDAY.

NEW TRIAL.—*As of Right.*—*Granting in Absence of Opposite Party.*—An order granting the defendant in a suit to quiet title a new trial as of right under the statute (section 1064, R. S. 1881), may lawfully be made in the absence and without the knowledge or consent of the plaintiff.

SAME.—*Notice of Granting.*—*Setting Aside.*—*Waiver.*—Where a new trial as

of right has been granted under section 1064, on an application made after the term at which the judgment was rendered, the failure of the party obtaining it to give the opposite party ten days' notice thereof before the next succeeding term, as provided in section 1065, does not operate as a waiver of his right to such new trial or authorize the court to set aside the order granting it.

SAME.—*Statute Construed.*—The provision in section 1065, requiring a party obtaining a new trial as of right to give the opposite party ten days' notice thereof before the term next succeeding the granting of the application, is merely to prevent either party from forcing the other into trial during the term at which the new trial is granted, under the provisions of section 516.

SAME.—*Undertaking for Costs and Damages.*—Where the opposite party does not object to the granting of a new trial, on the ground that the undertaking to pay costs and damages, required by section 1064, has not been given, and the record fails to show whether or not such undertaking was given, it will be presumed that it was either given or waived.

SAME.—*Motion to Vacate Order Granting.*—*Special Appearance.*—A motion to vacate an order granting a new trial as of right should not be entertained until the party making it has first entered his full appearance to the action. A special appearance for the purpose of making such motion is not sufficient.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellants.

*H. A. Gillett,* for appellee.

HOWK, J.—At the September term, 1885, of the court below, in an action then and there pending wherein appellee herein, Lavinia H. Holliday, was plaintiff, and James R. Stanley and others were defendants, upon a final hearing of the issues joined therein the court found, adjudged and decreed that plaintiff's title, in and to certain described real estate in Lake county, should be quieted and forever set at rest as against defendants, as prayed for in her complaint. Afterwards, at the next ensuing November term, 1885, of such court, to wit, on the 9th day of December, 1885, the parties appeared, and upon the written motion of defendant James R. Stanley for a new trial of the issues in such action as of right under the statute, and upon the showing then made to the satisfaction of the court that defendants had

paid up all the costs in such action, it was then and there "ordered and adjudged by the court that the judgment and decree heretofore entered in this cause, at the September term, 1885, of this court, be vacated and held for naught, and that a new trial be granted and the cause reinstated on the docket and take its old number." Afterwards, on the 2d day of February, 1886, being the second judicial day of the next ensuing February term, 1886, the plaintiff, appearing specially, and for the purpose only of her motion, moved the court, in writing, upon the affidavit of her attorney therewith filed, to set aside and annul its order herein, at its November term, 1885, vacating the judgment and decree in this case at the September term, 1885, of such court, upon the ground that such order of the November term was made in the absence and without the knowledge or consent of plaintiff, and that no notice whatever had been given plaintiff of such order, or of the granting of a new trial therein. Pending the consideration of this motion by the court, and at such February term thereof, defendants moved the court upon an affidavit then filed, showing that plaintiff herein was not a resident of the State of Indiana, for an order of publication of notice to plaintiff of the new trial granted in this cause. Afterwards, at the same term of the court, to wit, on the 3d day of March, 1886, the court, being sufficiently advised, overruled defendants' motion for an order of publication of notice to plaintiff, and sustained plaintiff's motion to set aside and annul the order of court at its November term, 1885, vacating its judgment and decree and granting defendants a new trial of this cause. To each of these rulings of the court, defendants excepted and filed their bill of exceptions. It was finally adjudged by the court that plaintiff recover of defendants "all costs of this action."

Errors are assigned here by defendants below, which call in question (1) the sustaining of plaintiff's motion to set aside and annul the order of court vacating its judgment and decree and granting defendants a new trial, and (2) the

overruling of their motion for an order of publication of no-
_:e to plaintiff of the granting of a new trial of this cause.

If the first of these alleged errors is well assigned, it is so
because defendants, who obtained the new trial of this cause,
did not give plaintiff "ten days' notice thereof," before the
February term, 1886, of the court below. Plaintiff's mo-
tion proceeds upon the theory that the order of the court va-
cating its judgment and decree in plaintiff's favor and grant-
ing defendants a new trial as of right, ought to be set aside
and annulled upon the following grounds (and for no other
specified cause), namely: "That such order was made in the
absence and without the knowledge or consent of plaintiff,
and (2) that no notice whatever has been given to plaintiff
of such order, or of the granting of a new trial therein." It
is certain, we think, that the order of the court, which
plaintiff moved the court to set aside and annul, was an
order which might lawfully be made "in the absence and
without the knowledge or consent of plaintiff." We have
often decided that the opposite party need not be notified of
an application or motion for a new trial as of right, under
the statute. *Physio-Medical College* v. *Wilkinson*, 89 Ind.
23; *Whitman* v. *Weller*, 39 Ind. 515; *Murray* v. *Kelly*, 27
Ind. 42.

But it is upon the second ground stated in plaintiff's mo-
tion, namely, "that no notice whatever has been given
plaintiff of such order, or of the granting of a new trial
therein," that plaintiff's counsel claims in argument that
the court below did not err in sustaining plaintiff's motion
herein. Counsel contends that the ruling of the court in
sustaining plaintiff's motion herein, is fully authorized by a
fair construction of the provisions of section 1065, R. S.
1881. In that section of the statute it is provided as fol-
lows: "If the application for a new trial is made after the
close of the term at which the judgment is rendered, the
party obtaining a new trial shall give the opposite party ten
days' notice thereof before the term next succeeding the

Stanley *et al. v.* Holliday.

granting of the application." In discussing the question of the proper construction of this section of the statute, plaintiff's counsel says: " It is confidently submitted that, as the statute now is, a party so obtaining an order for a new trial is bound to give such notice before the next term, or the right to such new trial is waived and gone. In other words, it is submitted that the statute, as now framed, is intended as a limitation of the time within which the new trial must be brought on, if at all." Section 1065, above quoted, which took effect on September 19th, 1881, was manifestly intended to supersede, and does supersede, and take the place of section 602 of the civil code of 1852, of this State.   2 R. S. 1876, p. 253. In that section, 602, it was provided as follows: " If the application for a new trial is made after the close of the term at which the judgment is rendered, the party obtaining a new trial shall give the opposite party ten days' notice thereof before the term at which the action stands for trial."

It will be observed that the only difference between these two sections, between the old law and the law now in force, is in relation to the term before which the party obtaining the new trial should give ten days' notice thereof to the opposite party. Under the old law, it was the term of court " at which the action stands for trial; " while under the law now in force, it is " the term next succeeding the granting of the application." Upon this difference between the old law and the law now in force, plaintiff's counsel manifestly bases his claim herein, that defendants, having obtained a new trial of this cause, as of right, at the November term, 1885, of the court below, were bound to give " ten days' notice thereof" to the plaintiff before the February term, 1886, of such court, "next succeeding the granting of the application " for such new trial, and that, having failed to give such notice *before* such February term, " their right to such new trial was waived and gone."

We are of opinion that section 1065, above quoted and now in force, is not fairly open to the construction which plaintiff's counsel seeks to give to its provisions.   Our stat-ute provides generally, that a party against whom the judg-ment is rendered in such an action as the one now before us,. shall have one new trial as of right, at any time within one year after the judgment is rendered, by simply complying with the requirements of section 1064, R. S. 1881.   Having obtained such new trial as of right under the statute, we know of no provision of any law under which it can be said that the party who obtained such new trial as of right, by any omission on his part, has waived or lost his right to such new trial under the statute.   Certainly, it can not be correctly said, we think, in the case under consideration, that the failure of defendants to give ten days' notice to plaintiff of the new trial, which they had obtained herein, before the term next succeeding the granting of the application therefor, authorized the court below to set aside and annul its order at the previous term, vacating its judgment in favor of plain-tiff and granting such new trial.

There is nothing in section 1065, *supra*, which by any fair construction afforded any authority to the court to sustain plaintiff's motion, or to set aside and annul its order at a preceding term, vacating its judgment and granting such new trial herein.   The intention of the Legislature in requiring that " the party obtaining a new trial shall give the opposite party ten days' notice thereof before the term next succeed-ing the granting of the application," as we construe such re-quirement in connection with the other provisions of the statute relating to new trials as of right, was to prevent either party from forcing the opposite party into trial at or during the term at which the new trial was granted, or " be-fore the term next succeeding."   This provision of section 1065 was rendered necessary, we suppose, to prevent the plaintiff in such a case from forcing defendants into trial

during the term at which the new trial was granted, under the provisions of section 516, R. S. 1881.

Our conclusion is, that the court clearly erred in sustaining plaintiff's motion to set aside and annul its order at the preceding term, vacating the judgment in favor of plaintiff and granting defendants a new trial herein, and for this error the judgment below must be reversed.

We must not be understood as holding even impliedly that a party, against whom judgment is rendered in an action of ejectment or to quiet title to land, is entitled to a new trial as of right under the provisions of our civil code, in force since September 19th, 1881, upon the payment of all costs. On the contrary, it is provided in section 1064, *supra*, that the applicant for such new trial, before it can be granted, must give "an undertaking, with surety to be approved by the court or clerk, that he will pay all costs and damages which shall be recovered against him in the action." The record of this cause fails to show whether defendants did, or did not, give such written undertaking before they applied for and obtained a new trial herein as of right under the statute. But as plaintiff did not object to the order of the court granting such new trial as of right, upon the ground that no such undertaking was filed by defendants, we are authorized to assume against the plaintiff, as we do, either that such an undertaking was in fact given by defendants before such new trial was granted, or that plaintiff had waived, as she lawfully might, the giving of such an undertaking by defendants before the new trial as of right was granted by the court herein. *Hutchinson* v. *Lemcke*, 107 Ind. 121; *Stanley* v. *Dailey*, 112 Ind. 489.

It must not be understood from this opinion that we countenance or approve of the action of the court in permitting plaintiff to appear specially herein, for the purpose only of moving the court to set aside and annul its order at the preceding term, vacating its first judgment in this case and granting defendants a new trial as of right under the statute. The

court below ought not, we think, to have entertained or ruled upon plaintiff's motion until she had first entered her full appearance in the action.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule plaintiff's motion herein, and for further proceedings not inconsistent with this opinion.

