No. 13,068.

## NITCHE v. EARLE.

NEW TRIAL.—*As of Right.*—*Notice.*—The failure of a party obtaining a new trial as of right, under section 1064, R. S. 1881, to give the notice to the opposite party required by section 1065, is not ground for vacating the order granting the new trial.

SWAMP LANDS.—*Patent.*—*Custodian of Records.*—*Copies.*—*Evidence.*—Section 5628, R. S. 1881, makes the auditor of state the custodian of swamp land records, and a copy of letters-patent, properly authenticated by him, is, under section 462, admissible in evidence.

SAME.—*Presumption that Officer Does His Duty.*—Courts take knowledge that the secretary of state was required by statute to record letters-patent for swamp lands, and that the custody of such records was transferred from the secretary to the auditor of state, and, in the absence of a showing to the contrary, it will be presumed that patents were duly recorded, and that the records were turned over to the auditor.

SAME.—*Designation and Certification of Records.*—*Evidence.*—The books in which the secretary of state recorded patents were not required to be designated on the outside as records of patents, nor was the secretary required to attach any certificate to the same, and evidence that a book from which a copy of a patent was made was lacking in these respects was properly excluded.

SAME.—*Recording of Patent.*—Swamp land patents issued by the State are

not required to be recorded in the county where the land is situate, but they are to be recorded in the office of the secretary of state, and the title of the act providing for such record is broad enough to cover this provision.

SAME.—*Title.*—*Proof.*—*Common Source.*—Where a plaintiff and defendant claim land in controversy through a common source of title, it is sufficient for the plaintiff to deduce his title from the common source.

EVIDENCE.—*Estoppel.*—*Practice.*—A party who secures a ruling excluding evidence offered by his adversary on a particular subject can not complain of the exclusion of evidence offered by himself to establish the opposite of what the other party had attempted to prove.

From the Lake Circuit Court.

*J. Kopelke,* for appellant.

*C. F. Griffin,* for appellee.

OLDS, J.—This action was commenced by appellee against appellant on the 2d day of March, 1881, in the Lake Circuit Court, to recover the possession of, and quiet title to, a tract of land in Lake county, Indiana.

Issues were formed and the case tried by the court at the November term, 1881, and judgment rendered for appellee upon a special finding of facts. From that judgment appellant, Nitche, appealed to this court, and the cause was reversed. *Nitche v. Earle,* 88 Ind. 375. Under the direction of this court the court below, at the September term, 1883, entered judgment for appellant upon the special finding of facts. At the February term, 1884, the plaintiff obtained a new trial as of right. At the April term, 1884, appellant appeared to the action and moved the court to vacate the order granting the new trial, for the insufficiency of the bond, which motion was overruled, and at the September term, 1884, appellant moved to vacate the order granting a new trial, for failure of the plaintiff below, the appellee, to give notice thereof, which motion was overruled, to which ruling appellant excepted. Another trial was had at the February term, 1886, and judgment rendered in favor of appellee. A motion was made by appellant and his co-defendants for a new trial, but

the motion was overruled and this ruling was excepted to by appellant.

The errors assigned are, that the court erred in overruling the motion of appellant to vacate the order granting the appellee a new trial, for the reason that no notice was given thereof, and the overruling of the motion for a new trial.

There was no error in overruling appellant's motion to vacate the order granting a new trial.

In the case of *Stanley* v. *Holliday*, 113 Ind. 525, this court has placed a construction on section 1065, R. S. 1881, and the court, in that case, says : " The intention of the Legislature in requiring that ' the party obtaining a new trial shall give the opposite party ten days' notice thereof before the term next succeeding the granting of the application,' as we construe such requirement in connection with the other provisions of the statute relating to new trials as of right, was to prevent either party from forcing the opposite party into trial at or during the term at which the new trial was granted, or ' before the term next succeeding.' This provision of section 1065 was rendered necessary, we suppose, to prevent the plaintiff in such a case from forcing defendants into trial during the term at which the new trial was granted, under provisions of section 516, R. S. 1881."

Under this authority, the action of the court was right in granting the new trial and overruling appellant's motion to vacate for failure of notice.

Several questions are presented upon the overruling of the motion for a new trial. The first is the admission by the court in evidence, over objection of appellant, of a certified copy of the record of a patent by the State of Indiana to George Earle for the real estate described in the complaint, which record of patent was certified to by James H. Rice, auditor of state. It is urged that it is shown on the face of the record not to be the copy of any record ; that for all that it shows on the face of it, it may be the original patent ; that it has the signatures of the Governor and secretary of state,

and nowhere has a certificate of the secretary of state that he recorded it; and counsel insist that unless the instrument shows, by official entries or certificates by officers who made it, that it is a record, it is no record; that a volunteer statement by the present keeper, giving his opinion about it, will not make it a record; that, by the original law, these records were to be kept in the office of the secretary of state, and that the certificate of the auditor of state should show how he came by the book.

The instrument offered and admitted in evidence was a certified copy of letters-patent to George Earle for the lands in question in this case, the auditor of state certifying the same to be "a full, true and complete copy of the record of letters-patent, executed and issued on the 12th day of January, 1857, by the State of Indiana to George Earle, for the lands therein described, as the same appears on page 379, of the record of swamp lands, vol. 33, range west, now on file in my office, and of which record I am the legal custodian," properly signed by the auditor of state and seal attached.

By section 5628, R. S. 1881, all records pertaining to swamp lands were transferred from the office of the secretary of state to the office of the auditor of state.

Section 462 prescribes the manner in which all copies of records in public offices shall be certified, and makes them admissible in evidence. The statute makes the auditor of state the proper custodian of the records of letters-patent, which were formerly recorded by the secretary of state and kept in his office, and this copy of the record was properly authenticated.

Section 4, 1 G. & H., p. 607, made it the duty of the secretary of state to record these letters-patent in books to be kept in his office. Thus it was first provided by statute and made the duty of the secretary of state to record the letters-patent in a book in his office, and afterwards this record was by statute transferred to the office of the auditor of state.

Courts take knowledge of the public statutes of the State, and, in the absence of evidence to the contrary, the presumption of law is that the officers discharge their duties, and the presumption in this case would be that the secretary of state recorded the patent, and that the record book containing the same had been by him turned over to the auditor of state. *Evans* v. *Browne*, 30 Ind. 514; *Ward* v. *State*, 48 Ind. 289; *Evans* v. *Ashby*, 22 Ind. 15.

The next question presented is, the appellant called one Johannes Kopelke as a witness, and offered to prove that he had examined the book from which the auditor of state made his copy of the pretended record of the Earle patent, and that it contained no official certificate, and was not on the outside designated as a record book. Letters-patent were required by statute to be recorded. The statute providing for the record simply makes it the duty of the secretary of state to record them " in books to be kept in his office." It does not require the book to be designated on the outside as a record of patents or to have any indorsement whatever on the same, or that the secretary of state shall attach any certificate to the same. So the evidence excluded was improper and the ruling of the court was correct. Appellant also offered to prove by one A. D. Palmer, a witness on his behalf, who had also purchased the same tract of land of the State, and obtained a patent therefor May 2d, 1866, and through whom appellant claimed title, that before he purchased the land in controversy of the State he made search at the State and county offices, and could find no previous conveyance of record. It also appears in the record that appellee offered in evidence the depositions of Erasmus B. Collins, who testified in such deposition that he was the same Collins who was secretary of state of the State of Indiana, and signed said letters-patent to Earle, and that he recorded them in vol. 33, Record of Swamp Lands, in the State of Indiana, on page 379, and that said record was made January 12th, 1857 ; also the deposition of James H. Rice, the

auditor of state, to show that said record had been transferred to the office of the auditor of state, and was in his possession at the time of making the certificate, which deposition was objected to by counsel for appellant on the ground that it was an attempt by said deposition to prove matters of record by parol evidence, and the objection was sustained and the deposition excluded.

The evidence of Palmer was to show the absence of a record in the office of the secretary of state which the deposition sought to show was made and was in said office at the time and long before the making of the patent to Palmer. If parol evidence was proper to show there was no such record made or kept in the office of the secretary of state at a certain time, then, certainly, evidence to show that such record was in fact made and was in the office at that time, was proper. A party must be consistent. If he objects and secures a ruling against his adversary, excluding evidence on a particular subject, he can not be heard to complain when the court applies the same rule and excludes evidence offered by him to establish the opposite of what his adversary had attempted to prove by the evidence which was excluded on his objection. In the case of *Dinwiddie* v. *State*, 103 Ind. 101, this court says: "It is settled by the adjudications of this court, that a party can not make available, for the reversal of a judgment, the exclusion of evidence, where, upon his objection, like evidence was excluded when offered by the other party." *Hinton* v. *Whittaker*, 101 Ind. 344.

And this doctrine applies with full force to the objection raised by appellant to the exclusion of the testimony of Palmer.

The law does not require these patents to be recorded in the recorder's office; it is so decided in the case of *Mason* v. *Cooksey*, 51 Ind. 519, and is recognized as the law by this court in the former decision of this case.

It is contended that the law providing for the recording of letters-patent in the office of the secretary of state is un-

constitutional, for the reason that it does not come within the provisions of section 19, article 4, of the Constitution.

We think otherwise. The title of the original act to which this was supplemental was "An act to regulate the sale of the swamp lands donated by the United States to the State of Indiana, and to provide for the draining and reclaiming thereof, in accordance with the condition of said grant." 1 G. & H., p. 606.

The title is broad enough to cover all things done in connection with the sale and in connection with the execution of the patent. The statute provides that the secretary of state, one of the officers who signs it, shall record it in his office. It is ordered recorded in connection with the making of the patent, and the title is broad enough to cover the provisions of the act requiring the record.

It is claimed that, as the appellee never had possession of the real estate, it is incumbent on him, to entitle him to a recovery, to show a complete chain of title from the United States down to him.

This theory is not tenable in this case. Courts of this State take knowledge of the acts of Congress granting to this State swamp land, which, taken in connection with the patent from the State, makes a complete chain of title. In addition to this, it is a well settled principle that when the plaintiff and defendant claim through a common source of title, it is sufficient for the plaintiff to deduce his title from the common source of title. In this case both plaintiff and defendant claim title from the State of Indiana, and it was only incumbent on the plaintiff to show that he had the better title from the State. Smith v. Lindsey, 89 Mo. 76; Miller v. Hardin, 64 Mo. 545; Miller v. Surls, 19 Ga. 331 (65 Am. Dec. 592); Barnard v. Whipple, 29 Vt. 401 (70 Am. Dec. 422).

The evidence supports the finding of the court.

We find no error for which this cause ought to be reversed. Judgment affirmed, with costs.

Filed Jan. 29, 1889; petition for a rehearing overruled March 5, 1889.