MARGARET M. MORSE v. HOME SAVINGS AND LOAN ASSOCIATION.[1]

February 16, 1895.

No. 9072.

**Foreclosure of Mortgage—Attorney's Fee.**

G. S. 1894, §§ 6074, 6075, construed.  *Held*, that the stipulated attorney's fees in a mortgage are no part of the debt secured, and the mortgagee has no right to any portion of them, except to indemnify himself for such reasonable sum, not exceeding the amount limited by statute and named in the mortgage, as he actually pays, or unconditionally incurs, for the services of an attorney in foreclosing his mortgage.

**Same—Where Mortgagee Has a Salaried Attorney.**

*Held*, that where a corporation employed a firm of attorneys to foreclose its mortgages, and actually paid them for such services the amount stipulated therein as attorney's fees, it is legally entitled to retain the amount so paid out of the proceeds of the mortgage sales, as indemnity for such payment, although one of the members of such law firm was at the time

[1] Reported in 62 N. W. 112.

a director of the corporation, and its general attorney, receiving a salary from it under a contract which provided that for foreclosing mortgages he should receive the attorney's fees stipulated in the mortgage.

**Findings Sustained.**

    Evidence considered, and *held* to support the findings of the court.

Appeal by plaintiff from an order of the district court for Hennepin county, Hicks, J., denying her motion for a new trial. Affirmed.

    *Smith, Pulliam & Smith,* for appellant.

    *Haynes & Chase,* for respondent.

START, C. J.   The defendant, a corporation, on and prior to January 12, 1893, was the owner of eight mortgages upon as many separate lots then owned by the plaintiff.   Each of the mortgages secured the payment of $1,500 and interest, and provided for the payment of $75 attorney's fees in case of foreclosure.   Default was made in the conditions of the mortgages, and the defendant, on the day named, proceeded to foreclose all of the mortgages by advertisement; and the same were foreclosed, and the premises sold to the defendant on February 27, 1893.   The defendant retained from the proceeds of the sales $75 for attorney's fees in each case, it having employed a firm of attorneys in general practice to foreclose the mortgages, and actually paid them for such services the sum of $75 in each case.   The proper affidavit of such payment was made, and duly filed.   One of the members of such law firm was, at the time such services were performed, one of the defendant's board of directors, and its general attorney.   This action was brought to recover the amount so retained for attorney's fees, with the statutory penalty.   A recovery was denied by the trial court, and from an order denying her motion for a new trial the plaintiff appealed.

The appellant claims that the respondent was not entitled to retain any sum for attorney's fees, because the mortgages were foreclosed by its director and attorney, who received from it a stated salary for all services rendered to the defendant, including the foreclosure of the mortgages.   The law (G. S. 1894, §§ 6074, 6075) provides that the stipulated attorney's fees in a mortgage, to be paid in case of foreclosure, shall not exceed the sums therein limited, and that no attorney's fees shall be taxed or retained by the mortgagee on the foreclosure of the mortgage, unless he in fact employs and

pays an attorney. The stipulated attorney's fees in a mortgage are no part of the debt secured, and the mortgagee has no right to any part of them, except to indemnify himself for such reasonable sum, not exceeding the amount limited by statute, and named in the mortgage, as he actually pays, or absolutely and unconditionally incurs, for the services of an attorney in foreclosing his mortgage. Campbell v. Worman, 58 Minn. 561, 60 N. W. 668. If, therefore, the appellant's claim is supported by the facts in this case, the respondent was not entitled to retain anything for attorney's fees on the foreclosure of its mortgages, because, if such was the case, it never paid or incurred any specified sum for attorney's fees. The claim, however, is based upon a misconception of the facts of this case, as found by the trial court, which are that the contract between the defendant and its general attorney provided that for foreclosing mortgages he should be paid, as fees, the amount specified in the mortgages, and that his salary did not include compensation for such special service, and, further, that the resolution of the defendant's board of directors on July 14, 1893, fixing his salary, in full of all services, for the first six months of 1893, at $600, did not include, and was not intended to include, the amount the attorney might charge and collect for the foreclosure of the mortgages. These facts are sustained by the evidence, for they are the reasonable and necessary inferences to be drawn from the contract and records received in evidence.

The general propositions of law pressed upon our attention by counsel for appellant, as to the duties which directors of a corporation owe to it, are correct, but not applicable to the facts found by the court; for if an attorney or director of a corporation is properly employed to perform services for it which do not pertain to his office of director, or are outside of his employment as such attorney, he is entitled to receive such compensation as has been agreed upon for such special services, or the reasonable value thereof, in the absence of any contract fixing the amount. Rogers v. Hastings & D. Ry. Co., 22 Minn. 25; Deane v. Hodge, 35 Minn. 146, 27 N. W. 917. The employment and payment by the defendant of the law firm, of which its general attorney was a member, to foreclose the mortgages in question, were within this rule, and it was entitled to retain the amount so paid from the proceeds of the mortgage sales. The ap-

pellant further claims that the amount paid for attorney's fees was excessive and unreasonable, but she offered no evidence in support of this claim. The burden of proof was upon her. Hobe v. Swift, 58 Minn. 84, 59 N. W. 831.

Order affirmed.