# CHARLESTON.

## GOODIN v. DIXIE-PORTLAND CEMENT CO.

### Submitted October 17, 1916.   Decided October 24, 1916.

1. CORPORATIONS—*Officers—Right to Compensation.*
   An officer of a corporation who is also a director, in the ab-sence of a special contract, is not entitled, unless under some special circumstances, to recover as upon an ·implied contract, compensation for services rendered in discharge of his official duties. (p. 86).

2. SAME.
   This general rule, however, applicable to directors, does not apply to an officer who is also a stockholder, for as such stockholder he stands in no such trust relationship to the corporation as to preclude his right to compensation for services rendered pursuant to corporate authority. (p. 87).

3. SAME.
   But a ministerial officer, as assistant secretary of a corporation, when elected and serving under such circumstances and

conditions as to negative any implied contract to pay him for the services pertaining to his office, and such as a stockholder would ordinarily be expected to perform without compensation, will not, in the absence of a special contract, be permitted to recover compensation therefor, as upon an implied contract. (p. 88).

Error to Circuit Court, Kanawha County.

Action by Walter S. Goodin against the Dixie-Portland Cement Company. Judgment for plaintiff, and defendant brings error.

*Reversed, and new trial awarded.*

*J. Howard Hundley,. Chas. M. Alderson,* and *Chas. C. Moore,* for plaintiff in error.

*Brown, Jackson & Knight* and *Geo. S. Couch,* for defendant in error.

MILLER, JUDGE:

Plaintiff's action, assumpsit on the common counts, is to recover for services rendered as assistant secretary of defendant, between October, 1906, and January, 1912.

Upon defendant's plea of the statute of limitations, plaintiff's recovery was limited to the period between May 12, 1910, and January 17, 1912.

The verdict of the jury upon which the judgment complained of was pronounced was for one thousand dollars, substantially at the rate of fifty dollars per month for the period of twenty months.

Plaintiff when originally elected assistant secretary was both a stockholder and a director of the defendant company. During the period covered by his claim for services he was also employed by sundry other allied companies, and later when most of these companies were absorbed or taken over by the United Kansas Portland Cement Company, a company organized and controlled by the same persons who owned and controlled the other companies, plaintiff was paid a salary of two hundred and fifty dollars per month for his services. The business of all these companies was for the most part transacted in the same offices. The principal stockholder in all of them was one Nicholson, who was also the president, in-

cluding the United Kansas Portland Cement Company, and he was the special friend and patron of plaintiff. Plaintiff held a small amount of stock in most, if not all, of these companies, and was secretary or assistant secretary or treasurer of all of them. Nicholson failed, and the management and control of these companies passed into other hands, and plaintiff's connection therewith was also severed about 1912. During his connection with the defendant company he never at any time rendered any bill or made any claim for salary or services as assistant secretary, except that he claims to have talked with his friend Nicholson about compensation. He swears that on account of the financial condition of the company Nicholson requested him not to present any claim for salary, but that it was his understanding that when the company got in financial condition the matter of his salary would be taken up and adjusted. It is conceded, however, that although the by-laws of the corporation would have permitted it, no salary was ever voted or authorized by the directors, and no salary was paid plaintiff. And it is shown in evidence that on May 26, 1910, at a meeting of the directors of the United Kansas Portland Cement Company, at which plaintiff was present, and kept the minutes, it was resolved that bills for services rendered by any of the employees of said company, employed at a salary, and who were to give their exclusive attention to the business of said company, and who should perform services for the Dixie Portland Cement Company, or the Iowa Portland Cement Company, should be made out and presented to and collected from the latter companies; and it is also shown that thereafter in accordance with said resolution a bill for one hundred and fifty dollars per month was so made out, presented to and paid by the defendant company. It is claimed by plaintiff that this bill did not cover his salary, but the bills are not produced, and the best evidence of what those bills covered is not presented by the record. Moreover, it is claimed that whether plaintiff's services were covered thereby or not, he was fully paid therefor, and any claim against the defendant company therefor would be due the United Kansas Portland Cement Company. Plaintiff admits in his evidence that after the formation of the

United Kansas Portland Cement Company his salary was made equal to what had been previously paid him for his services in the other companies, and he practically concedes that his election to the office of assistant secretary of the defendant company, and to official positions in the allied companies, was because of his relationship to Mr. Nicholson, as president and general manager of all of them. The evidence satisfies us that the plaintiff performed no services for the defendant company, other than the duties appertaining to the office of assistant secretary, such as issuing stock certificates, transfers thereof, and keeping the minutes of the meetings of stockholders and directors, and conducting the usual correspondence relating thereto. In his testimony he was unable to specify any other kind of service rendered, although he stated there may have been other services rendered which he could not recall.

The main proposition relied on to reverse the judgment, and sought to be presented by instructions to the jury given and refused, and by the motion of defendant for a new trial, is, that an officer of a private corporation, when a director or a stockholder, cannot recover as upon an implied contract, for services performed as such officer. Our statute, section 53, chapter 53, Code 1913, provides, among other things, that: "The board of directors may, subject to the provisions of law and the by-laws, appoint such officers and agents of the corporation as they may deem proper, and also an executive committee from their own number, and may prescribe the duties and compensation of such, but there shall be no compensation for services rendered by the president or any director as such, unless it be allowed or authorized by the stockholders." And independently of any statute it seems to be well settled law, except under some special or extraordinary circumstances, that no officer, who is also a director, in the absence of special contract, duly authorized by by-law of the stockholders or with proper action of the directors, can upon an implied contract, recover for the unusual services rendered the corporation in his official capacity. *Ravenswood, S. & G. Ry. Co.* v. *Woodyard,* 46 W. Va. 558, 562; *Crumlish's Adm'r.* v. *Cent. Imp. Co.,* 38 W. Va. 390; 2 Thompson on Corporations, sec-

tions 1728-1730; 3 Clark & Marshall on Private Corporations, sections 670-671; 21 Am. & Eng. Ency. Law, (2nd ed.) 905; 10 Cyc. 952.

Whether this general rule applies to an officer who is only a stockholder and not a director is a question upon which the authorities are divided. The principle underlying the rule respecting directors is that they are trustees for the stockholders, and that in the absence of express contract they should not be permitted to recover for services rendered in the performance of the ordinary duties pertaining to their offices upon any implied contract therefor; but the reason for this rule. is not generally applicable to stockholders. They stand in no fiduciary relation to the corporation, and we hold, with the great weight of authority, that when the circumstances of the employment do not negative such implication, and a stockholder is called upon by corporate authority to perform some special service, whether of an official character or otherwise, a contract is raised by implication to pay him what his services are reasonably worth. 2 Thompson on Corporations, section 1730; 3 Clark & Marshall on Private Corporations, 2055; 2 Machen on Modern Law of Corporations, section 1673; *Rogers* v. *Hastings & Dakota Ry. Co.*, 22 Minn. 25; *Holder* v. *Lafayette, Bloomington & Mississippi Ry. Co.*, 71 Ill. 106, 22 Am. Rep. 89; *Cheeney* v. *Lafayette, Bloomington & Mississippi Ry. Co.*, 68 Ill. 570; *National Loan & Investment Co.* v. *Rockland Co.*, 36 C. C. A. 370; *Santa Clara Mining Association of Baltimore* v. *Meredith*, 49 Md. 389; *Mather* v. *Eureka Mower Co.*, 118 N. Y. 629, 23 N. E. 993. Such certainly is the law of Kansas, where the principal office of the defendant company was located, where the plaintiff resided, and where he was elected assistant secretary, and performed his duties as such. *Missouri River R. R. Co.* v. *Richards*, 8 Kansas 101; *St. Louis, &c. R. Co.* v. *Tiernan*, 37 Kans. 606, 15 Pac. 544; *First National Bank* v. *Drake*, 29 Kans. 311; and according to *Crumlish's Adm'r.* v. *Cent. Imp. Co., supra,* the law of Kansas should control. The decisions cited and relied upon by counsel for the defendant for the most part do not support the contrary view. They are mainly cases involving the question whether an officer or agent of

a corporation can recover as upon an implied contract for performing the duties usually appertaining to his particular office when no compensation has been provided therefor by any by-law or corporate action of the directors.

But the question remains, do the conditions and circumstances surrounding the plaintiff negative or repel any implication of a contract on the part of the defendant company to pay him for his services as assistant secretary? Our conclusion from the facts appearing in the record is that they do. The by-laws of the corporation would have permitted the directors to allow him a salary, but they never did so. The duties performed by him were those pertaining to his office, and were so far as we can see simply ministerial, and those which such officer, being a stockholder, would usually be expected to perform without compensation; and the time employed by him in performing these services was time covered by his salary received from the other allied corporations. We have carefully considered the evidence upon this subject. There is no substantial conflict in the evidence, and we are clearly of opinion that under the authorities plaintiff has not shown himself entitled to the verdict and judgment complained of.

We are asked to enter judgment for defendant here, but we cannot say that a different case may not be presented on another trial, and under the rule of practice adopted here, we can only reverse the judgment, set aside the verdict, and award the defendant a new trial. Judgment reversed and a new trial awarded.

*Reversed, and new trial awarded.*