## JOHN A. JEZESKI v. NORTHEAST INVESTMENT COMPANY.[1]

May 1, 1925.

No. 24,611.

**When director of corporation is entitled to compensation for his services as officer or otherwise.**

1. If a director of a corporation performs services for it as treasurer under circumstances indicating that it was the intention of the corporation and himself that he receive compensation he can recover; and the same is true of services performed for the corporation outside of his duties as treasurer. The contract need not be shown by the corporate minutes, nor need it be in writing, nor in express words. It is enough if the contract, which is a true contract based on agreement, can be implied or inferred from the facts.

**Competent evidence should have been admitted.**

2. The plaintiff should have been permitted to prove a right of recovery on the basis of the doctrine stated.

1. See Corporations, 14a C. J. p. 137, § 1906.
2. See Corporations, 14a C. J. p. 148, § 1917.

Action in the district court for Hennepin county. The case was tried before Molyneaux, J., who when plaintiff rested granted defendant's motion to dismiss the action. Plaintiff appealed from an order denying his motion for a new trial. Reversed.

*Elliott, Doll & Coursolle,* for appellant.

*Joseph P. Kolesky* and *D. E. La Belle,* for respondent.

DIBELL, J.

Action to recover for services. The action was dismissed at the close of the plaintiff's testimony and he appeals from the order denying his motion for a new trial.

[1] Reported in 203 N. W. 978.

1.   There are two causes of action.   One is to recover for services as treasurer of the defendant in 1922.   The other is to recover for services in 1922 outside of the ordinary duties of treasurer.

The plaintiff was treasurer in 1922 and prior years.   He received a stated yearly compensation prior to 1922.   In 1922 he was a member of the defendant's building committee.   Construction work of some moment was under way.   At a meeting of the directors on January 20, 1922, a motion was made and carried "that the compensation for the different committees and officers be taken up at the next regular meeting in February."   No disposition of the matter of compensation was ever made.

The view urged by counsel for the defendant is that the plaintiff cannot recover for services as treasurer unless there was an express contract that he should have compensation—perhaps not unless there was formal action entered on the minutes of the corporation; and that in no event can he have compensation for services of any kind in the absence of an express agreement.

In National L. & Inv. Co. v. Rockland Co. 94 F. 335, 338, 36 C. C. A. 370, in the court of appeals of this circuit, what we understand to be the rule is stated by Circuit Judge Sanborn as follows:

"A thoughtful and deliberate consideration of this entire question, and an extended consideration of the authorities upon it, has led to the conclusion that this is the true rule:   Officers of a corporation, who are also directors, and who, without any agreement, express or implied, with the corporation or its owners, or their representatives, have voluntarily rendered their services, can recover no back pay or compensation therefor; and it is beyond the powers of the board of directors, after such services are rendered, to pay for them out of the funds of the corporation, or to create a debt of the corporation on account of them.   *   *   *   But such officers, who have rendered their services under an agreement, either express or implied, with the corporation, its owners or representatives, that they shall receive reasonable, but indefinite, compensation therefor, may recover as much as their services are worth; and it is not beyond the powers of the board of directors to fix and pay reasonable

salaries to them after they have discharged the duties of their offices."

This is substantially the rule of Rogers v. Hastings & D. R. Co. 22 Minn. 25, where a recovery was had for the services of an appointed officer whose compensation was not fixed, and for services aside from those connected with his office. It is distinguished from Jones v. Morrison, 31 Minn. 140, 16 N. W. 854, where the directors voted themselves back salaries. The contract need not be in writing nor expressed in words of agreement. The law does not imply the agreement. It may be implied as a fact from the attendant circumstances indicating an intent to give and get compensation, and agreement is the basis of it. The rule applies to services of an officer, when compensation is intended, and to services performed by the officer outside his regular duties. If compensation is not fixed reasonable value is the basis of recovery. In a conceivable case an officer holding over or reelected may be entitled to compensation on the former basis.

The following authorities, with cases cited in them, are of value: Deane v. Hodge, 35 Minn. 146, 27 N. W. 917, 59 Am. Rep. 321; Morse v. Home S. & L. Co. 60 Minn. 316, 62 N. W. 112; Daggett v. St. Paul Trop. Dev. Co. 141 Minn. 51, 169 N. W. 252, and cases cited; Montana Tonapah Min. Co. v. Dunlap, 196 F. 612; Fitzgerald Const. Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36, 34 L. ed. 608; 1 Fletcher, Corp. § 273, et seq.; 3 Cook, Corp. (8th ed.) § 657; Dun. Dig. § 2121.

2. The plaintiff sought to prove facts which under the rule of liability stated might justify a recovery. His questions and offers of proof often were not clearly put. The objections were continuous. There is presented a confusing record. Whether the plaintiff has facts which will sustain a recovery we do not know. He should be permitted to get to the court evidence competent in view of the law stated.

Order reversed.