# Brophy, Appellant, *v.* American Brewing Company of Philadelphia.

*Corporations—Officers—Compensation—Contract.*

A corporate officer cannot recover compensation for services rendered the corporation unless there was an express contract of employment before the services were performed.

In an action against a corporation to recover compensation for services it appeared that the plaintiff and other organizers of the corporation defendant, in order to conceal their connection with it placed their stock in the names or persons who had no interest in it but held it solely for them. The real owners of the stock had exclusive control of the affairs of the company. The plaintiff during the whole period for which he claimed compensation for services was an acting director and a member of the executive committee of the board of directors. The plaintiff claimed on a quantum meruit for services alleged to have been rendered as superintendent and manager. *Held,* that a verdict and judgment for defendant should be sustained.

Argued March 22, 1905. Appeal, No. 69, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T. 1900, No. 587, on verdict for defendant in case of Edward J. Brophy v. American Brewing Company of Philadelphia. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit for services rendered. Before WILLSON, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial the plaintiff presented these points:

1. If the jury believe from the evidence that the plaintiff, Edward J. Brophy, rendered services to the company defendant as its manager or superintendent, from the time of its incorporation in May, 1897, until January, 1901, and the defendant company availed itself of such services, and the same were not voluntarily rendered without expectation of being paid for, then the law will imply a promise by the defendant company to pay for such services what they are reasonably worth, and the verdict accordingly should be for the plaintiff. *Answer:* I decline that point. [1]

2. If the jury believe from the evidence that the plaintiff was appointed a manager or superintendent of the company defendant at a meeting of the promoters thereof; that at such

meeting the fixing of the amount of his compensation was postponed; that the plaintiff did render the services comtemplated by such appointment, then he is entitled to be paid the value thereof, and the verdict must be for the plaintiff. *Answer:* I decline that, unless it appear that any arrangement or contract made by the promoters was subsequently adopted by those who constituted the corporation or the persons interested in the corporation. [2]

The court charged, inter alia, as follows:

[Whether it is so or not unless the plaintiff did what he says he did, visiting the brewery daily on week days, ordering certain supplies, making certain contracts, obtaining certain customers—unless he did that in pursuance of a contract that he should be paid, then it constitutes no ground on which he can ask now to be paid.] [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*M. Hampton Todd,* with him *John T. Greene,* for appellant.

*Joseph P. McCullen,* for appellee.

PER CURIAM, April 24, 1905:

The plaintiff and the other organizers of the corporation defendant, in order to conceal their connection with it, placed their stock in the names of persons who had no interest in it, but held it solely for them. The real owners of the stock had exclusive control of the affairs of the corporation. The plaintiff during the whole period for which he claimed compensation for services was an acting director and a member of the executive committee of the board of directors. He came therefore within the reason of the settled rule that a corporate officer cannot recover compensation for services rendered the corporation unless there was an express contract of employment before the services were performed. Whether the plaintiff had been employed as superintendent or manager, with all other questions of fact, was fairly submitted to the jury. The instruction that there could be no recovery on the basis of a quantum meruit for services rendered was right.

The judgment is affirmed.