[No. 5755.]

THE SILVERTON MINING COMPANY v. HAUGHWOUT.

The secretary of a corporation, who is also a director, is not entitled to compensation for his services as secretary, in the absence of any provision in the charter or by-laws, or of a resolution or contract, providing for such compensation.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Peter L. Palmer, Judge.*

Action by Charles S. Haughwout against The Silverton Mining Company. From a judgment for plaintiff, defendant appeals.    *Reversed.*

Mr. D. B. CAREY and Mr. JOHN HARNAN, for appellant:

No appearance for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

There is only one question presented in this record, and that is as to whether or not one who is a director of a corporation and also holds the office of secretary of the company, is entitled to compensation for his services as such secretary, in the absence of any provision in the charter or by-laws, or a resolution or contract providing for the payment of such compensation. Under the great weight of authority, this question must be answered in the negative.

As was well said in the case of *Nat'l L. & T. Co. v. Rockland*, 94 Fed. 335:

"From the employment of an ordinary servant, the law implies a contract to pay him. From the service of a director, the implication is that he serves gratuitously. The latter presumption prevails, in the absence of an understanding or an agreement to the contrary, when directors are discharging the duties of other offices of the corporation to which they are chosen by the directory, such as those of president, secretary and treasurer."

And in *Ellis v. Ward*, 137 Ill. 509, it is held that the doctrine is well settled that the law will not imply a promise on the part of a private corporation to pay its officers for the performance of their usual duties. In order that such officers may legally demand and recover for such services, or the corporation legally make allowance and payment therefor, it must appear that a by-law or resolution had been adopted authorizing and fixing such allowance before the services were rendered.

The supreme court of Iowa, in *Citizens' Nat'l Bank v. Elliott*, 55 Ia. 104, said:

"We understand the rule to be, when an officer of a corporation performs the usual and ordinary duties of his office, as defined by the charter or by-laws, he cannot recover compensation therefor unless it has been so specially agreed. He cannot, in such case, recover what the services are reasonably worth."

In *Crumlish v. Central Improvement Co.*, 38 W. Va. 390, the doctrine was stated as follows:

"Corporations are not liable on a *quantum meruit* for services performed by their officers. There must be an express contract for compensation, or there can be no recovery."

Hence, the president of a private corporation and the secretary and the treasurer thereof, being stockholders of the company, cannot, in the absence of a by-law or resolution authorizing the compensation, recover on a *quantum meruit* for their official services.—*Steele v. Gold Fissure Gold Mining Co.*, 42 Colo. 529.

In each of these cases the authorities supporting the doctrine as therein announced are carefully reviewed, and it would serve no useful purpose to analyze the reasons upon which the rule is based. The plaintiff, who recovered judgment below, having failed to file a brief in this court in support of his contention that he was entitled to recover compensation, we feel that we have performed our duty when we announce the law as established generally by the highest courts of the land, without giving the reasons therefor, and the judgment not being in harmony with the law, will be reversed.          *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.