KLEINSCHMIDT ET AL., RESPONDENTS, *v.* AMERICAN MINING CO., LTD., ET AL., APPELLANTS.

(No. 3,343.)

(Submitted February 13, 1914.   Decided March 19, 1914.)

[139 Pac. 785.]

*Corporations — Directors and Officers — Misappropriation of Funds—Compensation for Past Services—Minority Stockholders—Demand for Redress—When Unnecessary—Void Acts —Ratification.*

Corporations—Minority Stockholders—Demand on Directors—When Unnecessary.
   1.   Where the board of directors of a corporation was completely dominated by one of their number, its acting secretary, a demand upon the board was not a prerequisite to an action by minority stockholders to recover money alleged to have been misapppropriated by him with the consent of the board, the law not requiring the doing of a useless thing.
   [As to actions by stockholders on behalf of the corporation, see note in 97 Am. St. Rep. 29.]

Same—Parties.

2. Where minority stockholders sue the secretary to compel the re-payment of money misappropriated, the corporation is a necessary party, the action being prosecuted for its benefit.

Same—Officers and Agents—Misappropriation of Funds.

3. The right of minority stockholders to require the officers, to whom has been intrusted the control of the affairs of the corporation, to account for money and funds misappropriated by them, does not de-pend upon whether the corporation is insolvent or likely to become so; hence omission to allege insolvency was immaterial.

Same—Directors—Breach of Trust—What Constitutes.

4. The directors of a corporation, being agents and trustees of the stockholders, must exercise good faith in the administration of their trust, and, though not liable for losses resulting from mere errors of judgment, cannot divert the assets to purposes foreign to the scope of their powers, nor so direct its affairs, even when acting within their powers, as to gain an unfair advantage or profit to themselves; their action in either event being a violation of their trust.

Same—Premature Appeal.

5. Where the decree in an action by minority stockholders indicated that a receiver would be appointed to hold and make disposition of moneys found to have been misappropriated by the secretary of a cor-poration, but the appointment had not been made at the time of tak-ing an appeal, appellant's contention that the facts alleged were insuf-ficient to warrant the appointment of such an officer was premature.

Same—Voting Salary to Director—Source of Power.

6. A board of directors of a corporation has not the inherent power to vote a salary to a director; the power so to do must emanate from the stockholders, or the statute, or the by-laws legally enacted.

Same—Directors—Compensation for Past Services.

7. Directors of a corporation cannot legally vote themselves com-pensation for past services.

[As to right of corporate officers to compensation, see note in 136 Am. St. Rep. 909.]

Same—Misappropriation of Corporate Funds.

8. Where a director of a corporation voluntarily or by the direction of the board assumes to perform the duties of secretary or treasurer without prearrangement by resolution, or by-laws, or by contract for compensation, he is not entitled to recover on a *quantum meruit* for past services, and any expenditure made by the board for such services is a misappropriation of the company's funds.

Same—Compensation for Past Services—Ratification.

9. Where the board of directors of a corporation had adopted by-laws providing for the appointment of a secretary but had never fixed a compensation for his services, and the duties of that office had for years been performed by one of their number without compensa-tion, his successor, also a director, who voluntarily assumed to act as secretary with the consent of the directors and who continued as such for about five years without making a claim for remuneration, was not entitled to any for services thus performed, and the board was without power to ratify his withdrawal of funds in payment thereof.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Ellen Kleinschmidt and others, minority stockholders, brought in behalf of the corporation, American Mining Company, Limited, against R. H. Kleinschmidt and others. From a decree for plaintiffs and an order denying them a new trial, defendants appeal. Affirmed.

## STATEMENT OF THE CASE BY THE JUSTICE DELIVERING THE OPINION.

The plaintiffs, who are minority stockholders of the defendant, the American Mining Company, Limited (hereinafter referred to as the company), brought this action to compel defendant R. H. Kleinschmidt, one of the directors and acting secretary of the company, to account to it for certain of its moneys which, it is alleged, he had, by the consent of the other defendants, also directors, misappropriated to his own use under the guise of salary as secretary, and for other purposes not authorized by law or the by-laws of the company; to obtain an injunction restraining the defendant directors from auditing or allowing any further claim by this defendant against the company on account. of salary, and restraining said defendant from appropriating any of the funds of the company to the payment of any claim for salary; to obtain the appointment of a receiver to take charge of the funds and property of the company and administer the same; to compel the president and secretary to transfer to the plaintiff Ellen Kleinschmidt upon the books of the company certain shares of stock acquired by her by purchase; and to recover the costs of this action, including counsel fees. Plaintiffs also pray for general relief. The circumstances out of which the controversy grew, so far as it is necessary to state them, are the following:

The company was organized under the Compiled Statutes of 1887, for the purpose of conducting the business of mining, its properties being situated in Montana and Idaho. The capital stock consists of 500,000 shares of the par value of $1 each. There were issued to the plaintiffs and the defendants shares to the amounts following: To Ellen Kleinschmidt, 230,700; to

Albert Kleinschmidt, 250; to R. A. Kleinschmidt, 250; to defendant R. H. Kleinschmidt, 114,500; to Amelia H. Kleinschmidt, 115,500; to Louis Hillebrecht, Maria Kuphal and Julia M. Mau, each 500 shares—the aggregate issue being 462,700 shares. The company was organized by Albert Kleinschmidt and R. H. Kleinschmidt, brothers, under an agreement that the shares should be held in equal amounts by them and other persons designated by each of them to hold for their respective uses. The shares were issued in consideration of property conveyed to the company by the brothers, and the distribution of them was made as above stated, the plaintiffs holding in the interest of Albert, and the defendants in the interest of R. H. Kleinschmidt. The plaintiffs Ellen and R. A. Kleinschmidt are the wife and son of Albert. The defendant Amelia H. Kleinschmidt is the wife of R. H. Kleinschmidt; Julia M. Mau is her sister. Maria Kuphal is the cousin of R. H. Kleinschmidt, and is a member of his family. The wife of defendant Louis Hillebrecht is closely related by blood to Amelia H. Kleinschmidt, and R. H. Kleinschmidt and Louis Hillebrecht have been associated in business. During the year 1898 dissensions arose between the brothers which gradually grew into extreme hostility, so that they have since rarely spoken to each other or transacted any business with each other. Even when engaged in the transaction of business their intercourse has been characterized by expressions of hate and recrimination. They have rarely agreed in matters pertaining to business of the company. The wife and son of Albert, both as stockholders and directors, when either of them happened to be a director, have always voted in accordance with his views, while the four defendants, other than R. H. Kleinschmidt, have always voted in accordance with his views. Julia M. Mau resides in San Francisco, California, and has never attended a stockholders' or directors' meeting, invariably committing her right to vote in either capacity to R. H. Kleinschmidt by proxy. This defendant is of a violent, domineering disposition, and his codefendants have never opposed his wishes. By the distribution and ownership of the shares of stock as

above stated, he owns or controls a bare majority thereof.   He nevertheless so uses it at all stockholders' meetings as to elect himself a director and to secure the election of two or more of his codefendants (the board of directors consisting of five members), with the purpose of retaining control of the board; and since the year 1898 he has dominated and controlled all the affairs of the company, except in transactions which have required the approval of more than a majority of the stockholders. From the date of the organization of the company until the year 1898, the plaintiff Albert Kleinschmidt had been its president and had performed the duties of secretary.   These duties were performed without compensation, none of them being arduous, extensive or requiring technical skill.   At the beginning of that year the defendant R. H. Kleinschmidt had himself elected secretary and treasurer of the company, and has since held these positions.   Louis Hillebrecht was then elected president, and held the office up to the time of this action.

No action was ever taken by the board of directors concerning the salary of the secretary or treasurer until on or about September 5, 1904.   At that time R. H. Kleinschmidt caused to be incorporated in the minutes of the proceedings of the board of directors an entry, in substance, as follows: "R. H. Kleinschmidt, secretary and manager, presented his claim for the amount due him for salary and office expenses from the date of his election, January 5, 1898, to July 5, 1904.   He announced that he had theretofore, with the consent of the directors, applied sums aggregating $4,200 upon the amount due him; the item so appropriated being embraced in the statement of receipts and expenditures of the company then submitted.   It was thereupon ordered by unanimous vote of the directors, except R. H. Kleinschmidt, who did not vote, that the application of $4,200 to the said claim having been made with the consent and full knowledge of the directors, be approved and the further consideration of the claim be postponed until another meeting.   The said Kleinschmidt did not participate in the proceeding touching the statement of receipts and disbursements, nor those relating

to his claim." Of the amount so appropriated there had been withdrawn from the bank account of the company on July 3, 1903, $2,100, and on July 6, 1903, $2,100. Thereafter, and for the same purpose, on September 6, 1904, there was withdrawn and appropriated to the same purpose the further sum of $1,400, and on October 26, 1904, the sum of $2,100. On February 4, 1906, the board disposed of the claim for salary by fixing the amount at $300 per month, to date from January 5, 1898, and the withdrawals made on September 6, and October 26, 1904, were approved.

Subsequent to the beginning of the year 1898 the operations of the company had been confined to an effort to close out its business by the sale of its properties and the distribution of the proceeds. From time to time it executed leases and bonds on certain of them. These all provided that such sums as were realized from sales, royalties or otherwise were to be deposited in the American National Bank at Helena, to be paid out by the bank to the stockholders without further action by the board of directors. Under an arrangement made between Albert and R. H. Kleinschmidt, understood by the bank authorities, these funds could not be withdrawn from the bank except upon check signed by both. No sales of any of the claims of the company were effected; but from royalties and forfeited payments, made under bonds for sales and from sales of ore extracted by lessees under forfeited bonds and leases, large sums were realized, and, being paid to the bank, were distributed by it to the stockholders. This arrangement between the brothers was carried out until, for some reason not apparent, unless it is to be accounted for by the growing enmity between them and R. H. Kleinschmidt and his associates desired exclusive control of the funds of the company, the board of directors authorized a discontinuance of it. The deposits were then made in another bank, subject to withdrawal without the consent of Albert Kleinschmidt. No dividends were thereafter paid to the stockholders, though considerable sums were realized from sales of ore left upon the dumps at the mines by different lessees. All disbursements of

moneys have since been made upon the check of R. H. Kleinschmidt alone. The minutes of the meetings of directors and stockholders have been reasonably well kept by R. H. Kleinschmidt, or the attorney employed by him for the company. No books of account, however, have been kept, the only record made of receipts and disbursements being found upon check stubs and in memoranda kept on loose sheets and scraps of paper scattered about this defendant's office.

Since the operations of the company had ceased in 1898 there was no need for the services of a manager; in fact, R. H. Kleinschmidt was never elected manager. Such duties as he performed in this capacity he assumed to perform without authority from anyone. The duties of secretary were thereafter of little consequence, and did not require this defendant to devote a great deal of time to them, though he did attend to the necessary correspondence. Prior to the bringing of this action, demand was made upon the board of directors to require R. H. Kleinschmidt to repay to the company the moneys appropriated by him to the payment of his salary. The demand was refused. Some time subsequent to the organization of the company, one H. W. Mady and one S. W. Hoag each became the owner of 100 shares of its capital stock, certificates for which were issued to and were held by them. These shares by proper transfers became the property of Ellen Kleinschmidt, who thereafter requested R. H. Kleinschmidt to issue to her certificates in her own name. This request was refused. In addition to the sums appropriated to the payment of his salary, R. H. Kleinschmidt expended from the funds of the company the sum of $1,531.23 to pay the expense of work done on a mining claim known as the Crescent, which is not owned by the company. The title to an undivided one-fourth interest in this claim is held by each of the brothers.

The complaint recites the history of the transactions of the company since R. H. Kleinschmidt and his associates assumed control of its affairs. It charges R. H. Kleinschmidt with incompetence and with wrongdoing in many particulars. Among

other things, it is charged that the appropriation of the sums of money above mentioned for the purposes stated was unwarranted and unlawful, constituting a breach of trust by R. H. Kleinschmidt and his associates.  It is also charged that the accounts of the company have been so kept that it is impossible for plaintiffs to ascertain therefrom what disposition has been made of many other sums of money drawn by R. H. Kleinschmidt from the treasury of the company.  It is charged that for this reason his services as secretary have been of no value.  It is alleged that the defendant company has no debts nor obligations of any character; that hence it has no use for any funds now in its treasury, or for any funds that may be recovered from defendant Kleinschmidt in this action; that an order directing him to pay any amounts found due from him to the company would be nugatory, for the reason that he holds all the offices of the company having any control of its funds, or vested with any powers or duties, other than formal ones, and that because of his control over the board of directors any sums which he may be ordered to pay should be distributed directly to the stockholders.

The defendants answered jointly, denying directly or by counter-averments all charges of wrongdoing by defendant R. H. Kleinschmidt, or justifying his conduct of the affairs of the company on the ground that in every instance his acts had been authorized or ratified and approved by a majority of them constituting the board of directors.  The court made special findings sustaining the charges touching the condition of the accounts of defendant Kleinschmidt and of misappropriation of the sums of money specifically mentioned.  It entered a decree adjudging: (1) That Louis Hillebrecht as president, and R. H. Kleinschmidt as secretary, forthwith upon the presentation of the Mady and Hoag certificates by Ellen Kleinschmidt, make transfer of the same to her upon the books of the company; (2) that a referee be appointed to take and state an account between R. H. Kleinschmidt and the company of all receipts and disbursements from the date of his election until the date of the account, without

allowing credit, however, for any sum retained in payment of salary as secretary and manager, or any sum or sums expended in payment of work done on the Crescent claim; (3) that the referee shall hear such evidence as the parties may offer as to what is a reasonable fee to be allowed plaintiffs' attorneys for the prosecution of this action, and report a finding thereon; (4) that any balance found due from Kleinschmidt shall be paid by him to a receiver to be appointed upon the coming in of the referee's report; (5) that out of such sum, if any, found due from Kleinschmidt, coming into the hands of the receiver, there be paid to plaintiffs' attorneys such sum as the referee shall have found to be reasonable; and (6) that plaintiffs recover the costs of the action. Defendants have appealed from the decree and an order denying their motion for a new trial.

*Mr. Massena Bullard,* for Appellants, submitted a brief and argued the cause orally.

We take the position at the inception of this argument that the plaintiffs have no standing in court, because of the insufficiency of the complaint. There are no equities set out in the complaint; it does not state facts sufficient to constitute a cause of action. The plaintiffs are without authority to institute the action under the allegations of the complaint. The allegations of the complaint do not authorize an action by plaintiffs, either at law or in equity. This is an action for an accounting, the appointment of a receiver and for an injunction. It is an action in equity. Section 6698, Revised Codes, provides that a receiver may be appointed by the court in which an action is pending, in cases when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights. In this case the defendant corporation had not been dissolved, but it appears from the pleadings that it was a going concern. It is not alleged that the defendant corporation is insolvent. On the contrary, it expressly appears that it has ample property and that it has no debts. It is not alleged that the corporation is in any danger whatever of insolvency;

nor that the corporation has forfeited its corporate rights. No *ultra vires* act is alleged. No fraud by the directors is alleged. No reason is given for bringing the action by the plaintiffs.

An injunction will not be granted where there is an adequate remedy at law, and in this case there is an adequate remedy at law. (1 Beach on Injunctions, sec. 26; 1 Abbott's Trial Brief (Pleading), 439.)

A stockholder may not sue to restrain directors of a corporation until he has exhausted all other means to obtain redress, and in this case it does not appear that the plaintiffs have exhausted all other means of redress.

If money has been misappropriated by an officer, the corporation may recover it at law, as on its refusal to sue, a stockholder may sue in behalf of the corporation, but a receiver may not be appointed. (*Alabama Coal & Coke Co.* v. *Shackelford,* 137 Ala. 224, 97 Am. St. Rep. 23, 34 South. 833; *Howe* v. *Deuel,* 43 Barb. (N. Y.) 504.)

Unless absolutely necessary to preserve the property, the court may not appoint a receiver of a corporation and take the management out of the hands of its directors, although the latter may be charged with fraud and mismanagement. (2 Clarke & Marshall on Private Corporations, sec. 556.)

Under the allegations of the complaint in this case, a stockholder may not maintain this action. (3 Pomeroy's Equity Jurisprudence, secs. 1093–1095.) Any abuse alleged in the complaint could be remedied by an action at law. (*City of Quincy* v. *Steel,* 120 U. S. 244, 30 L. Ed. 624, 7 Sup. Ct. Rep. 520.) If there are abuses within the corporation, it does not appear from the complaint that any effort has been made by the plaintiffs to correct them. (2 Page on Private Corporations, secs. 885, 886; *Hawes* v. *Oakland,* 104 U. S. 450, 26 L. Ed. 827.) The management of the corporation must be left to the sound discretion of the directors. (*Hunt* v. *American Grocery Co.,* 80 Fed. 70.)

Because the complaint does not state facts sufficient to constitute a cause of action, and because it does not appear from

the allegations of the complaint that the plaintiffs are in a position to sue as individual stockholders, the complaint should have been and should now be dismissed and judgment should have been and should now be entered for the defendants.

Trustees will not be interfered with in the management of the interests committed to them, unless it clearly appears that they are acting fraudulently, wrongfully and in violation of the trust committed to them.   There is no evidence in this case upon which to base an assault upon the integrity of the trustees or officers of the American Mining Company, Limited.   (*Hunt* v. *American Grocery Co.,* 80 Fed. 70.)

*Messrs. Walsh, Nolan & Scallon,* for Respondents, submitted a brief; *Mr. Wm. Scallon* argued the cause orally.

If an officer of a corporation claims a salary, he must point to some prior resolution or contract which provides for or contemplates its payment.   The services of a director of a corporation are presumed to be rendered ''gratuitously,'' and if he claims otherwise, he must produce an antecedent resolution providing for payment to him.   The courts are resolute in denying any right to recover ''back pay.''   (3 Thompson on Corporations, 1st ed., 4380, 4382; *Holder* v. *Lafayette etc. Ry. Co.,* 71 Ill. 106, 22 Am. Rep. 89; *Kilpatrick* v. *Penrose Ferry Bridge Co.,* 49 Pa. 118, 88 Am. Dec. 497; *Cheeney* v. *Lafayette etc. Ry. Co.,* 68 Ill. 570, 18 Am. Rep. 584.)   The case of *Martin* v. *Santa Cruz Water Storage Co.,* 4 Ariz. 171, 36 Pac. 36, is direct authority against a resolution authorizing back pay.   The case of *Silverton* v. *Haughwout,* 44 Colo. 173, 96 Pac. 975, decides that ''a director of a corporation who holds the office of secretary thereof is not entitled to compensation for his services as secretary in the absence of any provision in the charter or by-laws, resolution or contract, providing for the payment of compensation.''   And to the same effect is *Green* v. *Felton,* 42 Ind. App. 675, 84 N. E. 166.

The omission on defendant R. H. Kleinschmidt's part to make any claim for salary, so far as the records of the company show,

for six years, conclusively establish that there never was any implied agreement that he was to have a salary, and that the presumption of the law that his services, being a director and one of the principal owners, were gratuitous, is in accordance with the fact. (*Brown* v. *Republican Mt. Silver Mines,* 17 Colo. 421, 16 L. R. A. 426, 30 Pac. 66.)

A resolution voting a salary to the president of a company, the directors of which were himself, a brother and two personal friends, each of the three last named being the owners of five shares of stock presented to them by the president, who was the majority stockholder, was held void in *Strouse* v. *Sylvester,* 6 Cal. Unrep. 798, 66 Pac. 660, the court saying: "We think the evidence fully justifies the finding that the resolutions giving these salaries were fraudulent, and made for the benefit and profit of Henry Sylvester by means of a subservient board selected and elected by him." (See, also, *Miner* v. *Belle Isle Ice Co.,* 93 Mich. 97, 17 L. R. A. 412, 53 N. W. 218; *Doe* v. *Northwestern Coal etc. Co.,* 78 Fed. 62.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

While not questioning, but acquiescing in, the propriety of that portion of the decree which awards relief to Ellen Kleinschmidt requiring the transfer to her of the Mady and Hoag certificates, the defendants contend that the complaint does not state facts sufficient to warrant any relief in other respects. It is said that it is defective in failing to allege facts showing that the plaintiffs had exhausted their remedy within the corporation, and that it must therefore follow that this action cannot be maintained. The relief sought is not against the corporation, but against the individual defendant directors who, it is alleged, have made a misappropriation of the funds of the company. It is alleged that prior to the bringing of the action the plaintiffs demanded of the board of directors that it require the defendant R. H. Kleinschmidt to refund to the company the sums of money retained by him on account of salary, and

that it refused the demand.  This allegation is sufficient to show that, so far as this item is concerned, the plaintiffs could [1] not obtain relief by application to the board.  But aside from this, sufficient appears to show that any application to the board would have been futile, because it could not reasonably be expected that the board, which was dominated by R. H. Kleinschmidt, and which permitted him to pursue the course he did, would take any steps to redress the wrong complained of. Under these circumstances any demand upon the board was not necessary.  ''The law, which does not demand a request that a person or corporation sue him or itself, nor require the doing of any useless thing, as prerequisite to the accrual of a right of action, will therefore, in the circumstances here existing, permit the plaintiffs to maintain suit to undo or prevent the acts of directors or stockholders performed, or threatened to be performed, if such acts be, as to plaintiffs, *ultra vires.''*  (*Forrester* v. *Boston & Mont. etc. Min. Co.,* 21 Mont. 544, 55 Pac. 229, 353; *McConnell* v. *Combination M. & M. Co.,* 30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194.)  However, whether proper demand was made upon the board, even if the circumstances had required it, is now wholly immaterial, because the directors all joined in the answer, making common cause with R. H. Kleinschmidt and justifying their action in his behalf.  Of course it was necessary [2] to make the company a party; for, though the action is prosecuted by the plaintiffs, and plaintiffs and defendants are the real adversary parties, it is prosecuted for the benefit of the company.  (*McConnell* v. *Combination M. & M. Co., supra.*)

That it is not alleged that the company is insolvent is not material.  The right of minority stockholders to require the board of directors and the officers, to whom has been intrusted [3] the control of the affairs of the corporation, to account for property and funds misappropriated by them does not depend upon whether the corporation is insolvent or likely to become so.  The directors are the agents and trustees of the stockholders, and they may be called to account for any misappropriation of property or funds in their hands, as such.

They are bound to the exercise of good faith in the administration
[4] of their trust. They cannot be called to account for losses
which are the result of mere error in judgment; nevertheless they
may not divert the assets of the corporation to purposes wholly
beyond the scope of their powers. Even within the scope of
their powers they may not so direct affairs as to gain an unfair
advantage or profit for themselves. In either case their conduct
is a violation of their trust, and is in law deemed a fraud upon
the stockholders not assenting to it. (*McConnell* v. *Combina-
tion M. & M. Co.,* 31 Mont. 563, 79 Pac. 248.)

That the facts alleged do not warrant the issuance of an
injunction is also immaterial. The decree does not grant in-
junctive relief. The same may be said touching the demand for
[5] a receivership. While the decree indicates an intention
of the court to appoint a receiver to hold and make disposition
of such funds as may be found due from R. H. Kleinschmidt
by the report of the referee, the appointment has not been made.
When this shall have been done the defendants may have cause
for complaint; but the order, when made, would be a special
order after final judgment, and as such reviewable on appeal.
We may venture the remark, however, that resort to the appoint-
ment of a receiver to take charge of and disburse the balance
found due will be unnecessary, because the court may just as well
direct the payment of it to the American National Bank for
disbursement under the arrangement made for the payment
of dividends following the cessation of operations by the com-
pany in 1898, and thereafter pursued until R. H. Kleinschmidt
concluded to take charge of the company's affairs.

It appears that subsequent to the action by the board on
September 5, 1904, ratifying the appropriation of R. H. Klein-
schmidt of $4,200 to the payment of part of his claim for salary,
the board also ratified his further appropriation of $3,500 for
the same purpose. It also by resolution fixed his salary at $300
per month, payable from January 5, 1898. Since it appears
that R. H. Kleinschmidt kept the records of the proceedings
at the directors' and stockholders' meetings well enough for all

practical purposes, and while so doing actually attended to all the correspondence of the company, giving his personal attention to the sales of ore and certain litigation in which the company became involved in connection with them, counsel for defendants contends that the finding that his services as secretary and treasurer were of no value is not sustained by the evidence.   In any event, it is said that since, under the statute and the by-laws of the company, the board was authorized to appoint such subordinate officers and agents as the business of the company should require, and to allow them suitable compensation, it was entirely within the purview of this authority for the board in its discretion to allow a salary for services already rendered, as well as for those to be rendered, and that, though the soundness of its judgment as to the amount allowed might be open to question, its action cannot be overturned, in the absence of allegation and proof that it was prompted by fraudulent motives.   Under the circumstances here presented, the question whether the services rendered were reasonably worth the sum allowed is, in our [6]   opinion, entirely immaterial.   The real question is whether a director of a corporation is entitled to compensation for past services which he assumed to perform, and which he might perform as a director, without previous provision made therefor by some action of the board tantamount to a promise to pay.

According to the rule announced in *McConnell* v. *Combination M. & M. Co.,* in the original opinion (30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194), and affirmed on the motion for rehearing (31 Mont. 563, 79 Pac. 248), the board of directors has not the inherent power to vote a salary to any director.   "The power to do so must emanate from the stockholders, from the statute, or from by-laws legally enacted."   This rule is inflexible, and is recognized by the decisions and text-writers everywhere. (*Eakins* v. *American White Bronze Co.,* 75 Mich. 568, 42 N. W. 982; *Ashton* v. *Dashaway Assn.,* 84 Cal. 61, 7 L. R. A. 809, 22 Pac. 660, 23 Pac. 1091; *Wood* v. *Lost Lake etc. Co.,* 23 Or. 20, 37 Am. St. Rep. 651, 23 Pac. 848; *Kilpatrick* v. *Penrose Ferry Bridge Co.,* 49 Pa. 118, 88 Am. Dec. 497; *Cheeney* v. *Lafayette,*

*B. & M. Ry. Co.,* 68 Ill. 570, 18 Am. Rep. 584; *Pfeiffer* v. *Lansberg Brake Co.,* 44 Mo. App. 59; *New York etc. R. Co.* v. *Ketchum,* 27 Conn. 170; *Hall* v. *Vermont etc. R. Co.,* 28 Vt. 401; *Blue* v. *Capital Nat. Bank,* 145 Ind. 518, 43 N. E. 655; 4 Thompson's Law of Corporations, sec. 4862.)    Equally inflexible is the [7]  rule that the directors—the managing officers of the corporation—cannot legally vote themselves compensation for past services.    (*McConnell* v. *Combination M. & M. Co., supra; New York etc. R. Co.* v. *Ketchum, supra; Branch Bank* v. *Collins,* 7 Ala. 95; *Holder* v. *Lafayette, B. & Miss. Ry. Co.,* 71 Ill. 106, 22 Am. Rep. 89; Cook on Stock and Stockholders, sec. 657.) [8]  So, also, when a director voluntarily or by the direction of the board assumes to perform the duties of secretary or treasurer, without prearrangement by resolution or by-laws, or by contract, for compensation, he is not entitled to recover on a *quantum meruit* for past services, and any appropriation made by the board for such services is equivalent to giving away the assets of the corporation.    (Cook on Stock and Stockholders, sec. 657; *Butts* v. *Wood,* 37 N. Y. 317; *Silverton Min. Co.* v. *Haughwout,* 44 Colo. 173, 96 Pac. 975; *National Loan & Inv. Co.* v. *Rockland Co.,* 94 Fed. 335, 36 C. C. A. 370; *Martin* v. *Santa Cruz W. Storage Co.,* 4 Ariz. 171, 36 Pac. 36; *Brophy* v. *American Brewing Co.,* 211 Pa. 596, 61 Atl. 123; *Holder* v. *Lafayette, B. & Miss. Ry. Co., supra; St. Louis etc. R. R. Co.* v. *O'Hara,* 177 Ill. 525, 52 N. E. 734, 53 N. E. 118.)    There are cases which hold that a director may recover for services clearly outside of his duty as such, without any precedent resolution fixing the compensation to be paid for them.    (*Bassett* v. *Fairchild,* 132 Cal. 637, 52 L. R. A. 611, 64 Pac. 1082; *Taussig* v. *St. Louis etc. R. R. Co.,* 166 Mo. 28, 89 Am. St. Rep. 674, 65 S. W. 969.) We are not disposed to hold that under certain circumstances this may not be true.    It was well said, however, in *National Loan etc. Co.* v. *Rockland, supra:* "From the employment of an ordinary servant, the law implies a contract to pay him.    From the service of a director, the implication is that he serves gratuitously.    The latter presumption prevails, in the absence of an

understanding or an agreement to the contrary, when directors are discharging the duties of other offices of the corporation to which they are chosen by the directory, such as those of president, secretary, and treasurer." Again, in *Holder* v. *Lafayette, B. & M. Ry. Co., supra,* in denying the right of a director to recover for past services as treasurer of the corporation, the court said: "The board of directors were in the possession of the funds and property of the corporation, and that body had entire control over it, and could disburse it as they chose, either by themselves, by one or more of their number, or by some other person not of the board of directors. Having done so through one of their members, we must suppose that they chose to regard it as a part of his duty as director. Had not such been the intention, it seems to us that a salary would have been provided by a by-law or resolution." We think the facts disclosed in this case neither call for nor permit any relaxation of the general rule.

The corporation never having elected to do business under the Code of 1895 or subsequent legislation, the powers of its board are determined by the Compiled Statutes of 1887 (Civ. Code 1895, sec. 401 [Rev. Codes 1907, sec. 3816].) Under the Compiled Statutes of 1887 (Fifth Division, sec. 454), its board was authorized to adopt by-laws. It was also authorized to appoint such subordinate officers and agents as its business required, and allow them suitable compensation. (Section 482.) [9] It adopted by-laws providing for the appointment of a secretary and treasurer, but never at any time fixed their compensation. If at any time it had appointed as such officers stockholders or persons not connected with the directory, doubtless even in the absence of a previous resolution or contract, such subordinates would be entitled to compensation. No principle of public policy would have been violated, and the rule heretofore announced would not apply. Until R. H. Kleinschmidt assumed control of the business of the corporation, however, the duties of secretary had been performed by Albert Kleinschmidt without compensation. For five years and a half thereafter they

were performed by R. H. Kleinschmidt in the same way, no claim being made at any time, or intimation given, that he intended to claim compensation. Under these circumstances the conclusion seems inevitable that he performed the services in his directorial capacity; and, having done so without previous understanding by himself and the board that he was to receive compensation, he was not entitled to the amounts withdrawn from the funds of the company, and it was beyond the power of the board to ratify his action.

Finally, counsel contends that the evidence does not sustain the finding that the amount expended upon the Crescent claim should be charged to R. H. Kleinschmidt as a misappropriation of the funds of the company, because it appears that the interests held therein by the brothers are held by them as trustees of the company and not in their own right. It does not appear what the original source of title was, nor how the interests were acquired. Moreover, the evidence is in conflict as to the capacity in which they hold the title. Albert Kleinschmidt testified that the title was originally acquired with the purpose to convey it to the company, but that when the differences arose between him and his brother this purpose was abandoned. While there is evidence tending to show that at one time the brothers treated their interests as belonging to the company, there is also evidence tending to show that both brothers considered their respective interests as their own. There is nothing in the evidence to show that the funds of the company were used to acquire the title. Upon this condition of the evidence we cannot say that it preponderates against the finding.

The decree and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.