ALWARD, Respondent, *v.* BROADWAY GOLD MINING CO., Appellant.

(No. 6,957.)

(Submitted October 15, 1932. Decided March 30, 1933.)

[20 Pac. (2d) 647.]

*Messrs. Kremer, Sanders & Kremer* and *Mr. James E. Murray*, for Appellant, submitted a brief; *Mr. Murray* argued the cause orally.

48

*Mr. John T. Andrew* and *Mr. W. H. Maloney,* for Respondent, submitted a brief; *Mr. Andrew* argued the cause orally.

50

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The defendant, the Broadway Gold Mining Company, a Montana corporation, has appealed from a judgment against it and in favor of the plaintiff, Ella F. Alward, entered in an action on a promissory note.

The complaint alleges that the note was made, executed and delivered by the defendant corporation, on February 20, 1918, for $1,181.53, with interest at 10 per cent. per annum, to Mary E. Merk; that certain payments were made thereon by the defendant, leaving a balance due, at the time the action was commenced, of $2,045.90, and that the note was assigned to the plaintiff in January, 1925. The note is signed, "Broadway Gold Mining Co., by W. W. Merk, President. Attest: Edna G. Merk, Secretary."

By answer, the defendant denies that it executed the note or authorized its execution, or that any officer of the corporation had authority to execute it; denies that it ever recognized the note as its obligation, or knew of its existence until the complaint was filed. These denials are followed by an affirmative defense in which it is alleged that the by-laws of the corporation prohibit the contraction of any debts or the borrowing of money upon the credit of the corporation, except by the authority of the board of directors, which authority was not extended to the officers signing the note.

The mining company has been in existence for years; for the period from 1912 to February, 1918, it apparently was

under the exclusive control of the Merk family. W. W. Merk was president and treasurer, Edna G. Merk, his wife, secretary, and his mother, Mary E. Merk, was a director. While the by-laws provided for five directors, the board seems to have consisted of the three Merks and one H. W. Hathaway. On February 23, 1918, James E. Murray and A. Pincus advanced $10,400 for development work and other expenses, and to them was assigned a sizable block of stock of the corporation, whereupon W. W. Merk resigned as treasurer, and his wife resigned as secretary and from the board of directors; Hathaway also resigned from the board. Murray and Pincus were elected directors, and A. Pincus was elected treasurer.

The note in suit was executed and delivered to Mary E. Merk on February 20, 1918, or three days before the change in the management of the company. W. W. Merk testified that it was a renewal note for the balance due on a note for $1,000, executed in 1913, at which time his mother had a certificate of deposit for $1,000 which she "gave" to the company.

W. W. Merk continued to act as president of the corporation up to 1925, and, during the period from June, 1920, to July, 1923, while president, but not treasurer, made payments to Mrs. Merk aggregating $548.47, which were credited on the note, ▇ the subject matter of this suit. The note was transferred by Mrs. Merk to her daughter, Mrs. Alward, after its due date and about six months prior to the commencement of the action. The plaintiff was not, therefore, a holder in due course, and all defenses existing as against the original payee are available in this action by the assignee. (Sec. 8459, Rev. Codes 1921; *Northwestern Improvement Co.* v. *Rhoades,* 52 Mont. 428, 158 Pac. 832.)

The allegation of the answer to the effect that no debt could ▇ ▇ be contracted or money borrowed on the credit of the corporation without express authority of the board of directors, was established by the introduction of the by-laws, and it is conceded the action of W. W. Merk, as president, in receiving from his mother $1,000 and executing to her in the name of the corporation the original promissory note, and his action

in executing and delivering to her the renewal note which figures in this suit, were without authority and not binding on the company, unless subsequently ratified by the acts of the corporation. This, plaintiff contends, was accomplished, and, in proof thereof, produced alleged minutes of the meeting of the board on several occasions, which will be dealt with in their order.

The minutes of February 20, 1914, show that directors W. W. Merk, Mary E. Merk and H. W. Hathaway were present, and that W. W. Merk, as treasurer, submitted a "trial balance statement" of the company's financial condition, which contains, among many items, the entry "Bills payable $750." This "statement" was approved by the board. Merk testified that he, as president, had theretofore paid to Mary E. Merk, on the $1,000 note, $250, and the $750 represented the balance due thereon.

As the board of directors of the corporation consisted of five members, three acting directors were necessary to constitute a quorum. Under the law then in force (secs. 3833, 3836, Rev. Codes 1907), no business could be legally transacted unless a quorum was present, and, unless a quorum was present, no act of a lesser number of directors assuming to transact business would be binding on the corporation (*Curtin* v. *Salmon River etc. Min. Co.*, 130 Cal. 345, 62 Pac. 552, 80 Am. St. Rep. 132).

Three members of the board, constituting a quorum, were physically present, but one of these, Mary E. Merk, the payee of the note, was directly interested in having the unauthorized action of W. W. Merk, in executing the note, ratified. The authorities are practically unanimous on the proposition that a director who is personally interested in a matter coming on for action before the board must be eliminated from the count in determining whether a quorum is present (2 Thompson on Corporations, 3d ed., sec. 1257; 2 Fletcher on Corporations, sec. 426), and it is sufficient to disqualify a director that the subject of consideration is the renewal of a note held by him (*Smith* v. *Los Angeles etc. Assn.*, 78 Cal. 289, 20 Pac. 677, 12 Am. St. Rep. 53; *Higgins* v. *Lansingh*, 154 Ill. 301, 40 N. E.

362; *Curtin* v. *Salmon River etc. Min. Co.*, supra). It follows that such action as was taken in 1914 does not constitute a ratification. The same is true of the purported action of the board taken in January, 1917, at which time there were present but the three directors named above.

The next action of the corporation, which is urged as ratification, is that of the stockholders in regular meeting assembled January 8, 1917, at which "all the acts and proceedings of the officers of the corporation heretofore done and performed are hereby ratified and approved, and endorsed," and the company, through its manager, "is authorized to pay all outstanding obligations of the company." The authorization to pay could only apply to the note in question, if the unauthorized act of W. W. Merk had been duly ratified, which had not been done up to that time, and, in order to render ratification effective at that meeting, the stockholders of the corporation, as principal, must have had full knowledge of all the material facts relative to the transaction. (3 Thompson on Corporations, 3d ed., sec. 2129; *First State Bank of Hilger* v. *Lang*, 55 Mont. 146, 174 Pac. 597, 9 A. L. R. 1139; *McConnell* v. *Combination M. & M. Co.*, 30 Mont. 239, 76 Pac. 194, 104 Am. St. Rep. 703, and Id., 31 Mont. 563, 79 Pac. 248.) No showing was made that any stockholder, other than the Merks, had any knowledge of the execution of the original note.

W. W. Merk produced a "cash and journal book," in which he had entered the note. Incidentally it might be noted that this book was retained by Merk personally for thirteen years prior to the trial, and was never seen by the directors in office after the reorganization of 1918. The fact that there was an entry of the note in this book did not impute knowledge to the stockholders, as they are not presumed to know the contents of records of directors' meetings or account-books of their corporation, and, as to them, "means of knowledge is not knowledge." (*Camden Land Co.* v. *Lewis*, 101 Me. 78, 63 Atl. 523, 533; *Cahall* v. *Lofland*, 12 Del. Ch. 299, 114 Atl. 224;

*Anderson* v. *Scandia Min. Syndicate,* 26 S. D. 558, 128 N. W. 1016; 3 Cook on Corporations, 7th ed., sec. 731.)

The resolution now under consideration is similar to that commented upon in *McConnell* v. *Combination M. & M. Co.,* 30 Mont. 239, 76 Pac. 194, 202, 104 Am. St. Rep. 703, and condemned on the ground that the attempted ratification was of matters "not presented to the stockholders." (See, also, *Klein* v. *Independent Brewing Assn.,* 231 Ill. 594, 83 N. E. 434.)

It is next contended that the renewal note, the note in suit, though executed without authority (*First State Bank* v. *Lang,* supra), was rendered valid by the ratification of the acts of the officers and directors of the corporation at a directors' meeting held February 23, 1918. This meeting was called for the purpose of reorganization and passing control of the corporation to Murray and Pincus; it was attended by W. W. Merk, Mary E. Merk, Edna G. Merk and H. W. Hathaway; consequently, the elimination of Mary E. Merk on account of interest would leave three directors, or a quorum. However, again the attempted ratification was a blanket resolution respecting all acts of the officers and directors, and there is nothing in the record to indicate that director Hathaway had ever heard of the note in suit, executed without authority of the board but three days prior to the meeting, and, it must be remembered, the two remaining directors were also the president and secretary who executed the note, without authority; they were, so far as the corporation is concerned, wrongdoers.

It has been held that those who execute an unauthorized contract cannot subsequently ratify it, though they constitute a majority of the board of directors, or a majority of the stockholders (*Oliver* v. *Rahway Ice Co.,* 64 N. J. Eq. 596, 54 Atl. 460; *Klein* v. *Independent Brewing Assn.,* supra; *Farwell* v. *Pyle-National Electric H. Co.,* 289 Ill. 157, 124 N. E. 449, 10 A. L. R. 363), but we need not apply this rather strict rule.

While knowledge of the affairs of a corporation by the directors will be presumed in favor of an innocent third person, no such presumption is indulged in favor of the officers and directors. In the absence of any evidence that Hathaway had knowledge of the indebtedness, he cannot be held to have knowingly voted for ratification. (*First State Bank* v. *Lang*, supra.) With his elimination, there was no quorum present for the attempted ratification. Further, should we treat the action as a ratification, we have only those who created the debt without authority, "indorsing and ratifying their own wrongful acts, which cannot be permitted." (*McConnell* v. *Combination M. & M. Co.*, supra.)

It is further urged that the payments made by W. W. Merk on the note constituted a ratification. This contention is without merit, as Merk would be held to have ratified his own wrongful act; his unauthorized payments, even if made from corporate funds, could not bind the corporation or become its ratification. (2 Fletcher's Cyc. Corporations, sec. 761, and cases cited.)

Finally it is contended that the note was ratified by the acceptance of benefits; but there is no showing that the $1,000 claimed to have been given to the corporation by Mrs. Merk ever reached its treasury or was used for corporate purposes, and it is clear that none of the stockholders or directors, other than the Merk family, had knowledge that the money had been accepted by Merk, as president or treasurer of the corporation, let alone used for the benefit of the corporation. Knowledge is an essential element of "ratification by acceptance of benefits." (*Stanton* v. *Occidental Life Ins. Co.*, 81 Mont. 44, 261 Pac. 620; *Campbell* v. *Latonia Bldg. & Loan Assn.*, 92 Pa. Super. Ct. 436.)

Plaintiff contends that the defendant is estopped to deny ratification, but, from what is heretofore said, it is clear that the elements of estoppel are entirely lacking.

While the strict rules above applied might not be warranted in dealing with an innocent third party, their application is proper with respect to transactions between officers

and directors with their corporation (*First State Bank of Hilger* v. *Lang,* supra), who sustain a fiduciary relationship to the corporation (*McConnell* v. *Combination M. & M. Co.,* supra; *Kleinschmidt* v. *American Min. Co.,* 49 Mont. 7, 139 Pac. 785; *Meagher* v. *Harrington,* 78 Mont. 457, 254 Pac. 432), and must act with the utmost fairness and candor in such transactions (*Mayger* v. *St. Louis M. & M. Co.,* 68 Mont. 492, 219 Pac. 1102; 3 Fletcher on Corporations, sec. 850; 2 Thompson on Corporations, 3d ed., sec. 1329). This case is clearly distinguishable from that of *Godfrey L. Cabot, Inc.,* v. *Gas Products Co.,* 93 Mont. 497, 19 Pac. (2d) 878.

The judgment is reversed and the cause remanded, with direction to enter judgment in favor of the defendant.

MR. CHIEF JUSTICE CALLAWAY, MR. JUSTICE ANGSTMAN, HONORABLE LYMAN H. BENNETT and HONORABLE R. M. HATTERSLEY, District Judges, sitting, respectively, in place of JUSTICES GALEN and FORD, disqualified, concur.